IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETER MARIO GOICO,

    Plaintiff,

v.                                      Case No. 20-1025-JWB

UNITED STATES GOVERNMENT;
DONALD TRUMP; DONALD TRUMP
as President of the United States; and
WILLIAM BARR, Attorney General of
the United States,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for review (Doc. 6) and motion for an extension of time (Doc. 11). For the reasons set forth herein, Plaintiff's motion for review is DENIED and his motion for an extension of time is GRANTED.

### I.    Background

Plaintiff is an admitted user of vape products. (Docs. 3, 6.) He brought suit to challenge an alleged executive order banning certain types of vaping products. (Doc. 1.) Based on his view of a potential "threat of arrest just for suing," Plaintiff moved to proceed in this case as an anonymous party. (Doc. 3.) In ruling on the motion for anonymity, Magistrate Judge Gwynne Birzer determined this case is not one of the exceptional situations where the potential harm to a party outweighed "the public's right of access to judicial records." (Doc. 5 at 3.)

### II.    Analysis

Plaintiff objects to the magistrate judge's order denying his motion for anonymity. (Doc. 5). Under Fed. R. Civ. P. 72(a), the district court "must consider timely objections and modify or

set aside any part of the order that is clearly erroneous or is contrary to law." The clearly erroneous standard requires this court to affirm any factual determination by the magistrate judge unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been made. *Hale v. Emporia State Univ.*, No. 16-4182-DDC, 2018 WL 1609552, *1 (D. Kan. Apr. 3, 2018) (citation omitted). A magistrate judge's order is "contrary to law" if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Id.*

Plaintiff's motion does not identify the legal basis for his objection. He argues, however, that the decision is contrary to his constitutional rights. Therefore, it appears he contends that the decision is contrary to law. Magistrate Judge Birzer correctly identified the prevailing standard of review as it relates to motions for anonymity:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); *Goico v. Kansas*, 773 F. App'x 1038, 1040 (10th Cir. 2019). A moving party is required to "establish a harm sufficient to overcome the public's right to access to judicial records." *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL, 2010 WL 3584462, at *1 (D. Kan. Sept. 13, 2000) (discussing standard on sealing documents from the public).

Judge Birzer identified two bases under which Plaintiff sought anonymity. (Doc. 5 at 3-4.) Plaintiff first sought to establish the potential for an arrest based solely on him having standing to sue as a vape consumer. Second, Plaintiff stated that the "President's announcement constitutes a direct threat to anyone who admits, in public, to vaping." (*Id.* at 4.) Judge Birzer made clear that

"fears of arrest or other adverse actions" on either of these bases are "unsupported hypotheses" because Plaintiff has failed to articulate any facts that would legitimize Plaintiff's fears. (*Id.*)

In his motion, Plaintiff disagrees with this finding and asserts that the President's announcement on national television supports his fear of arrest. Plaintiff offers no articulable facts in his motion but merely restates his position and argues that nicotine addiction is a disease. Plaintiff claims that he is in a catch-22 situation because he is fearful of arrest but wants to pursue his right to litigation. Plaintiff, however, has not articulated any basis that would support a finding that his fear of arrest is legitimate. As such, Plaintiff's motion for anonymity clearly lacked the articulable facts required to establish a legitimate need for anonymity. Plaintiff has not shown that Judge Birzer's decision was contrary to law. This case is not an exceptional case that warrants anonymity. *See Goico*, 773 Fed. App'x at 1040 (upholding denial of motion to maintain the action anonymously).

Plaintiff also moves for an extension of time to serve Defendants. (Doc. 11.) This action was filed on January 30. Under Fed. R. Civ. P. 4(m), Plaintiff is required to serve Defendants within 90 days of filing suit. The court may extend the deadline if good cause is shown. Plaintiff asserts that he has not served Defendants because he was waiting for the court to rule on the motion for review. The court finds that Plaintiff has shown good cause to extend the deadline. The court notes that Rule 4(i) instructs Plaintiff on serving the United States and its employees.

**Conclusion**

Plaintiff's motion for review (Doc. 6) is DENIED.  Plaintiff's motion for an extension of time is GRANTED.  Plaintiff must serve Defendants on or before May 15, 2020, with a copy of his complaint (Doc. 1) and motion for preliminary injunction (Doc. 4).

IT IS SO ORDERED this 15th day of April, 2020.

\_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE