IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETER MARIO GOICO,

       Plaintiff,

v.                                                                     Case No. 20-1025-JWB

UNITED STATES GOVERNMENT;
DONALD TRUMP; DONALD TRUMP
as President of the United States; and
WILLIAM BARR, Attorney General of
the United States,

       Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for judicial declaration (Doc. 15) and motion for an extension of time (Doc. 14). For the reasons set forth herein, Plaintiff's motion for judicial declaration is DENIED and his motion for an extension of time is GRANTED.

On April 15, 2020, this court entered an order denying Plaintiff's objection to the magistrate judge's order denying his motion for anonymity. (Doc. 13). Plaintiff takes issue with language in this court's order that his "fears of arrest or other adverse actions" are "unsupported hypotheses" because Plaintiff failed to articulate any facts that would legitimize Plaintiff's fears. (*Id.* at 3.) Plaintiff asserts that this court has already judged Plaintiff's theory in the case. (Doc. 15 at 1.) The court initially notes that the language Plaintiff is taking issue with was this court's reiteration of Magistrate Judge Birzer's ruling and not any indication of how this court views this action. Nevertheless, Plaintiff's requested relief must be denied.

Plaintiff asks this court to make a judicial declaration on whether "it is constitutional for the states to control drug policy up to and including schedule one drugs such as marijuana?" (*Id.*)

Plaintiff asserts that this court has authority to make judicial declarations and cites to 28 U.S.C. § 2201.  A court may enter declaratory relief to declare the rights and legal relations of a party.  The court cannot, however, render advisory opinions.  *Golden v. Zwickler*, 394 U.S. 103, 108 (1969).  Plaintiff is clearly seeking legal advice from the court as to whether certain actions by states and/or the federal government is constitutional.  This is not a proper function as it would be an advisory opinion.  *See Cotner v. Knight*, 61 F.3d 915 (10th Cir. 1995).

Plaintiff also moves for an extension of time to serve Defendants.  (Doc. 14.)  This action was filed on January 30.  Under Fed. R. Civ. P. 4(m), Plaintiff is required to serve Defendants within 90 days of filing suit.  The court may extend the deadline if good cause is shown.  The court already extended the deadline to May 15, 2020.  (Doc. 13.)  Plaintiff now seeks an extension of the deadline to thirty days from the date this order is entered.  The court will grant Plaintiff an additional week from May 15.  The deadline is now May 22, 2020.  No further extensions will be granted.  If Plaintiff does not serve Defendants by May 22, this action is subject to dismissal. Rule 4(m).

### Conclusion

Plaintiff's motion for judicial declaration (Doc. 15) is DENIED.  Plaintiff's motion for an extension of time is GRANTED.  Plaintiff is granted until May 22, 2020, to serve Defendants with a copy of his complaint (Doc. 1) and motion for preliminary injunction (Doc. 4).

IT IS SO ORDERED this 23rd day of April, 2020.

\_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE