IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETER MARIO GOICO,

    Plaintiff,

v.                                            Case No. 20-1025-JWB

UNITED STATES GOVERNMENT, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's renewed motion for default judgment (Doc. 25). For the reasons set forth herein, Plaintiff's renewed motion for default judgment is DENIED.

On April 23, 2020, this court entered an order granting Plaintiff's motion for extension of time to serve Defendants. (Doc. 16). Plaintiff moved for default judgment on the basis that Defendants failed to file an answer within 21 days of being served but Plaintiff failed to attach documentation showing proof of service. (Doc. 19.) The court denied the motion on that basis and because Defendants are entitled to serve an answer within 60 days of service on the United States Attorney. (Doc. 20) (citing Fed. R. Civ. P. 12(a)(2)).

After the order was entered, Plaintiff filed the returns showing service. Those documents show that the Department of Justice was served at 950 Pennsylvania Avenue in Washington, D.C. on May 13, 2020, and that President Trump's summons was delivered to the White House on May 9, 2020. (Doc. 21.) Defendant Stephan Hahn was served on June 18, 2020. (Doc. 23.)

According to the returns, although 60 days has passed since Defendants Department of Justice and President Trump have been served, 60 days have not passed since Defendant Hahn was served. Moreover, Plaintiff has failed to serve the United States as required by Fed. R. Civ. P.

4(i). Under that rule, "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a **party must serve the United States** and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Rule 4(i)(2)(emphasis supplied).[1]

To serve the United States, a party must:

(A)(i) **deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought**--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1) (emphasis supplied).

Based upon the documents Plaintiff has filed, there is no evidence that Plaintiff delivered a copy of the summons and the complaint to the United States Attorney for the District of Kansas.

Therefore, Plaintiff's motion is denied.

**Conclusion**

Plaintiff's motion for default judgment (Doc. 25) is DENIED.

IT IS SO ORDERED this 23rd day of July, 2020.

                                                                 s/ John W. Broomes
                                                                  JOHN W. BROOMES
                                                                  UNITED STATES DISTRICT JUDGE

---

[1] The court notes that even if Plaintiff was suing Defendants in their personal capacity in connection with duties performed on the United States' behalf, Plaintiff is still required to serve the United States by sending the summons to the United States Attorney for this district. Fed. R. Civ. P. 4(i)(3).